NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50550 |
| Plaintiff-Appellee, | D.C. No. 3:11-CR-1973-DMS |
| v. | MEMORANDUM[*] |
| GERMAN DELGADO-MORENO, | |
| Defendant-Appellant. | |

On Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted November 6, 2012 [**]
Pasadena, California

Before: GOODWIN and O'SCANNLAIN, Circuit Judges, and ZOUHARY, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jack Zouhary, District Judge for the U.S. District Court
for Northern Ohio, sitting by designation.

Defendant-Appellant German Delgado-Moreno ("Delgado-Moreno"), a native and citizen of Mexico, pled guilty to attempted re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b). After imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), the sentencing judge calculated Delgado-Moreno's total offense level to be 21 with a criminal history category III, resulting in a recommended Sentencing Guidelines range of 46 to 57 months of imprisonment. Delgado-Moreno argues the enhancement was improper and challenges his below-Guidelines sentence of 37 months incarceration followed by 2 years supervised release.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), review the district court's imposition of a sentencing enhancement *de novo*, *United States v. Valle-Montalbo*, 474 F.3d 1197, 1199 (9th Cir. 2007), and now affirm.

**1.** A violation under Section 1326 carries a base offense level of 8 under U.S.S.G. § 2L1.2. *See United States v. Leal-Vega*, 680 F.3d 1160, 1163 (9th Cir. 2012). Under Section 2L1.2(b)(1)(A), this base level may be increased by 16 levels if Delgado-Moreno has a prior conviction for a "drug trafficking offense," and the sentence on that prior conviction exceeded 13 months. Application note 1(B)(iv) to Section 2L1.2 defines a "drug trafficking offense" as:

> [A]n offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to

sell a controlled substance . . . or the possession of a controlled substance.

The prior convictions in this case are Delgado-Moreno's 1997 convictions for violations of Sections 11378 and 11379(a) of the Cal. Health & Safety Code. Both convictions were based on the same conduct: transportation and possession of methamphetamine for purposes of sale. We apply the categorical and modified approaches set forth in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a prior conviction satisfies Section 2L1.2(b)(1)(A). *Leal-Vega*, 680 F.3d at 1163. However, because only one conviction is necessary for the enhancement, there is no need to engage in a *Taylor* analysis for Delgado-Moreno's Section 11378 conviction. Nor is there a need to apply the categorical analysis to the Section 11379(a) conviction, as the district court properly held that Delgado-Moreno's 11379(a) conviction satisfied Section 2L1.2(b)(1)(A) under the modified approach.

Under the modified approach, we may not look beyond the record of conviction to the particular facts underlying the conviction; however, we may look to "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Leal-Vega*, 680 F.3d at 1168 (citing *Shepard v. United States*, 544 U.S. 13 (2005)). Here, Delgado-

Moreno's 1997 plea agreement unequivocally shows he was convicted of transporting and possessing methamphetamine for the purposes of sale. Specifically:

> On April 10, 1997, in Orange County, I [Delgado-Moreno] . . . transported & possesses [sic] for purposes of sale . . . methamphetamine a controlled substance.

Because the record of conviction indicates Delgado-Moreno was convicted of transporting and possessing methamphetamine for sale, and because methamphetamine is listed on the federal drug schedules, *see* 21 U.S.C. §§ 802(6), 812 (Schedule III(a)(3)), his prior conviction qualifies as a "drug trafficking offense" under Section 2L1.2.

**2.** Delgado-Moreno raises a second issue solely "to preserve Supreme Court review." According to Delgado-Moreno, the district court erred by applying 8 U.S.C. § 1326(b) to enhance his sentence. Specifically, he argues that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which permits enhancement based on the existence of a prior felony, has been "effectively overruled," so that his prior felony conviction must be either admitted or proved to a jury beyond a reasonable doubt. We have repeatedly held, however, that *Almendarez-Torres* continues to be "binding authority" unless it is expressly overruled by the Supreme Court. *See, e.g.*, *United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1036 (9th Cir. 2011); *United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (per curiam); *United States v.*

4

*Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Because *Almendarez-Torres* has not

been expressly overruled, we reject Delgado-Moreno's contention to the contrary.

**AFFIRMED**.