# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40529

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAUL NUNEZ–SEGURA,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1793-1

Before SMITH, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Raul Nunez–Segura pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and was sentenced to fifty-seven months of imprisonment. Nunez–Segura appeals his sentence, arguing that the district court incorrectly applied a sixteen-level "drug trafficking offense" sentence enhancement based on his prior criminal conviction in California. Because we agree that Nunez–Segura's conviction was not a drug trafficking offense under the Guidelines, we VACATE and REMAND for resentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40529

I.

On October 30, 2012, a grand jury returned an indictment charging Nunez–Segura with illegal reentry following deportation in violation of 8 U.S.C. § 1326(a). Nunez–Segura pleaded guilty to the indictment without the benefit of a plea agreement. The district court accepted Nunez–Segura's guilty plea and ordered the preparation of a pre-sentence investigation report ("PSR").

In completing the PSR, the probation officer determined that Nunez–Segura had a base offense level of eight. The probation officer also recommended a sixteen-level sentence enhancement pursuant § 2L1.2(b)(1)(A)(i) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") on the ground that Nunez–Segura's prior 2006 and 2007 California convictions constituted "drug trafficking offenses." Nunez–Segura's 2007 conviction, which is the focus of this appeal, was for the violation of section 11379(a) of the California Health and Safety Code (West 2007), a statute prohibiting drug-related activities. The PSR recommended that section 11379(a) could be violated in a number of ways, including by "giving away" a controlled substance, which would not constitute a drug trafficking offense. Even so, the probation officer determined that the 2007 conviction still constituted a drug trafficking offense because Nunez–Segura admitted in his waiver and guilty plea to the conviction that he "was willfully & unlawfully in possession of methamphetamine for transportation & w/the specific intent to sell," which according to the probation officer fell within the scope of the Guidelines' definition of a drug trafficking offense.

According to the PSR, the application of the sixteen-level enhancement, combined with a three-level reduction for acceptance of responsibility, gave Nunez–Segura a total offense level of twenty-one. The PSR also gave Nunez–Segura eight criminal history points, resulting in a criminal history category

2

No. 13-40529

of IV. Due to his total offense level and criminal history category, Nunez–Segura was subject to an imprisonment range of fifty-seven to seventy-one months.

At sentencing, Nunez–Segura objected to the sixteen-level sentence enhancement. He argued, as he does now on appeal, that his 2007 California conviction was not a drug trafficking offense. Although the district court did not accept the PSR in full,[1] it agreed with the PSR that Nunez–Segura's 2007 conviction was a drug trafficking offense and accordingly sentenced him to fifty-seven months of imprisonment. Nunez–Segura filed a timely notice of appeal.

## II.

"[W]e review a sentencing decision for reasonableness regardless of whether the sentence imposed is inside or outside the Guidelines range." *United States v. Rodriguez*, 711 F.3d 541, 547 (5th Cir. 2013) (en banc). To do so, we "first ensure that the district court committed no significant procedural error" and then "consider the substantive reasonableness of the sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, Nunez–Segura contends only that the district court committed procedural error by improperly calculating the Guidelines range and does not challenge the substantive reasonableness of his sentence.

Nunez–Segura argues that his 2007 California conviction does not constitute a drug trafficking offense under § 2L1.2(b)(1)(A)(i) of the

---

[1] The district court did not adopt the PSR's recommendation that Nunez–Segura's 2006 conviction also supported the application of the sixteen-level sentence enhancement. Nor did the government brief the issue on appeal. *See, e.g.*, *United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009) ("[A] party waives any argument that it fails to brief on appeal."). In any event, Nunez–Segura's 2006 conviction could not have supported a sixteen-level sentence enhancement because he did not receive any criminal history points for the conviction. U.S.S.G. § 2L1.2(b)(1)(A). Rather, only a twelve-level sentence enhancement is appropriate for drug trafficking offenses that do not receive criminal history points. *Id.*

Guidelines and that it therefore was error for the district court to impose a sixteen-level sentence enhancement on that basis. He reasons that his statute of conviction, section 11379(a) of the California Health and Safety Code, encompasses conduct that does not constitute a drug trafficking offense under the Guidelines. He further contends that, because possession with intent to sell is not an element of a section 11379(a) offense, the district court incorrectly used the "intent to sell" admission in his waiver and guilty plea to determine that his conviction qualified as a drug trafficking offense. We agree.

A defendant convicted of illegal reentry, like Nunez–Segura, is subject to a sixteen-level sentence enhancement if he was previously convicted of a drug trafficking offense. U.S.S.G. § 2L1.2(b)(1)(A)(i). The Guidelines define a drug trafficking offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 2L1.2 cmt. n.1(B)(iv). Characterization of a prior conviction as a drug trafficking offense is a question of law that we review *de novo*. *United States v. Henao–Melo*, 591 F.3d 798, 801 (5th Cir. 2009).

To determine whether a prior conviction constitutes a drug trafficking offense, we use the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990). *See id.* "Under the categorical approach, the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct." *Rodriguez*, 711 F.3d at 549. Thus, a prior conviction qualifies as a drug trafficking offense if the statute of conviction matches the definition contained in the Guidelines. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (holding that a defendant's prior

California burglary conviction did not constitute a violent felony for purposes of the Armed Criminal Career Act).[2]  If, however, the statute of conviction is broader than the Guidelines' definition, the conviction does not qualify "even if the defendant actually committed the offense [defined in the Guidelines]." *See id.*; *see also Henao–Melo*, 591 F.3d at 802 (explaining that under the categorical approach, "the court first 'looks to the elements of [the] prior offense, rather than to the facts underlying the conviction'" (alteration in original) (quoting *United States v. Garza–Lopez,* 410 F.3d 268, 273 (5th Cir. 2005))).

Even so, a defendant's conduct is not completely irrelevant.  When the statute of conviction is "divisible," we employ a "modified categorical approach." *Descamps*, 133 S. Ct. at 2281; *see also United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008).  A divisible statute is one that "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." *Descamps*, 133 S. Ct. at 2281.  Pursuant to the modified categorical approach, a sentencing court may consider the defendant's conduct from documents such as the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to ascertain which of the alternative elements of the statute of conviction the charged conduct implicated.  *Shepard v. United States*, 544 U.S. 13, 16 (2005); *see also Rodriguez*, 523 F.3d at 524 ("If . . . a defendant has violated a statute that contains multiple disjunctive sections that prohibit conduct that will support a sentence enhancement and other conduct

---

[2] Although *Descamps* addressed the use of *Taylor*'s categorical approach in the context of the Armed Criminal Career Act, "[t]his court applies *Taylor*'s categorical approach to interpretations of the Sentencing Guidelines." *United States v. Stoker*, 706 F.3d 643, 648–49 (5th Cir. 2013) (internal quotation marks omitted).

that will not support an enhancement, the court may look to 'certain conclusive records made or used in adjudicating guilt' to determine which section applies to the defendant's conviction.").[3]

Critically, as the Supreme Court recently explained in *Descamps*, the modified categorical approach "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." 133 S. Ct. at 2285. "All the modified approach adds is a mechanism for making [the comparison between the statue of conviction and the Guidelines] when a statute lists multiple, alternative elements." *See id.* It does not permit a sentencing court "to look behind [the defendant's] conviction in search of record evidence that he actually committed the [offense defined in the Guidelines]." *See id.* at 2293; *see also United States v. Miranda–Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012) ("[W]e may look beyond the elements and the fact of conviction only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated.").

Applying these principles to this case, it is undisputed that Nunez–Segura's 2007 statute of conviction is a divisible statute, i.e., one that "sets out one or more elements of the offense in the alternative." *Descamps*, 133 S. Ct. at 2281. At the time of Nunez–Segura's conviction,[4] section 11379(a) prescribed punishment for "every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance."

---

[3] These are known as "*Shepard* documents." *See, e.g.*, *United States v. Medina–Torres*, 703 F.3d 770, 777 (5th Cir. 2012).

[4] California has enacted a new version of section 11379 since Nunez–Segura's 2007 conviction. *See* Cal. Health & Safety Code § 11379 (West 2014).

No. 13-40529

Some of these alternative elements fall within the definition of a drug trafficking offense under the Guidelines, which covers the manufacture, import, export, distribution, dispensing of, or offer to sell a controlled substance (or possession with the intent to do these things). *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). For example, importation of a controlled substance falls within the scope of both section 11379(a) and the Guidelines' definition. Other alternative elements do not. *See Garza–Lopez*, 410 F.3d at 274 (explaining that section 11379(a) criminalizes some conduct falling outside the scope of the Guidelines' definition of a drug trafficking offense). Thus, our inquiry boils down to ascertaining, pursuant to the modified categorical approach, which of the alternative elements of section 11379(a) Nunez–Segura's conduct implicated. *See Rodriguez*, 523 F.3d at 524.

To answer that question, we look to Nunez–Segura's waiver and guilty plea for his 2007 conviction, wherein he acknowledged as a factual basis for his plea that he "was willfully & unlawfully in possession of methamphetamine for transportation & w/the specific intent to sell." *See Shepard*, 544 U.S. at 26. Comparing this statement to the alternative elements of section 11379(a), it is apparent that Nunez–Segura was convicted under the "transport" element of section 11379(a).[5] According to our binding precedent in *Garza–Lopez*, 410 F.3d at 274, a conviction under the transport element of section 11379(a) does not constitute a drug trafficking offense. None of the other alternative elements of section 11379(a) apply. As a result, Nunez–Segura's 2007 conviction was not a drug trafficking offense.

---

[5] Even assuming *arguendo* that it cannot be determined which of the divisible elements Nunez–Segura's conduct implicated, we then consider "whether the least culpable act constituting a violation of [the] statute constitutes" a drug trafficking offense. *United States v. Moreno–Florean*, 542 F.3d 445, 449 (5th Cir. 2008). As we previously determined in *Garza–Lopez*, section 11379(a) punishes at least some conduct that does not constitute a drug trafficking offense under the Guidelines. *See* 410 F.3d at 274.

No. 13-40529

The government argues that Nunez–Segura's admission that he possessed methamphetamine with an intent to sell makes his 2007 conviction eligible for the sentence enhancement. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). But possession with intent to sell is not one of the alternative elements of section 11379(a) and is therefore irrelevant in applying the modified categorical approach in this case. *See Descamps*, 133 S. Ct. at 2286 (explaining that whether the defendant actually did break and enter was irrelevant because the statute of conviction had no breaking and entering element).

Nor is possession with intent to sell implied in the transport element of section 11379(a). The California Supreme Court has said regarding the transport element of a similarly worded marijuana statute that "the offense of illegal transportation [does not] require[] a specific intent to transport contraband for the purpose of sale or distribution." *People v. Rogers*, 486 P.2d 129, 134 (Cal. 1971). Rather, transportation with intent to sell is relevant to a different subsection of section 11379. *See* Cal. Health & Safety Code § 11379(b) (West 2007) (increasing the punishment for the "transport for sale" of a controlled substance). Nunez–Segura was not charged or convicted under that statute.

Finally, the government argues that we should follow the Ninth Circuit's approach in *United States v. Delgado–Moreno*, 495 F. App'x 847 (9th Cir. 2012), where the court held under similar circumstances that a defendant's prior conviction under section 11379(a) constituted a drug trafficking offense. We disagree. First, *Delgado–Moreno* is an unpublished Ninth Circuit case issued prior to the Supreme Court's decision in *Descamps*, which reversed the Ninth Circuit's application of the modified categorical approach. *See Descamps*, 133 S. Ct. at 2293. Second and more importantly, the *Delgado–Moreno* court employed the modified categorical approach in the

8

manner rejected by the Supreme Court in *Descamps*. That is, it did not use the applicable *Shepard* document solely to determine which of the alternative elements of the statute of conviction formed the basis of the defendant's conviction. *See Delgado–Moreno*, 495 F. App'x at 849. Rather, it used the *Shepard* document to determine whether the defendant actually committed the offense defined in the Guidelines. *Compare id. with Descamps*, 133 S. Ct. at 2293 (explaining that a sentencing court may not "look behind [the defendant's] conviction in search of record evidence that he actually committed the [offense]").

For the foregoing reasons, we VACATE Nunez–Segura's sentence and REMAND for resentencing.