# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2011

No. 10-10460

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANIEL BERNARDINO,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-160

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Bernardino appeals his conviction under 18 U.S.C. § 554(a), which imposes criminal penalties for "fraudulently or knowingly" facilitating the exportation of items one "know[s] . . . to be intended for exportation contrary to any law or regulation of the United States." Bernardino was convicted of Count Five of the superseding indictment, which alleged that he facilitated the export of assorted firearms and ammunition without obtaining the license required by 22 U.S.C. § 2778(b)(2). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10460

Bernardino requested a jury instruction that would have required both knowledge that the weapons and ammunition were items for which 22 U.S.C. § 2778(b)(2) requires an export license, and an intention to export the weapons without the license. Bernardino contends that denying this instruction was error, and that the evidence at trial was insufficient because it did not establish knowledge of the licensing requirement and the specific intent to disregard it.

All of Bernardino's arguments are premised on the mistaken view that he was charged and convicted under a different provision, 22 U.S.C. § 2778(c), which imposes penalties for "willfully" violating 22 U.S.C. § 2778(b)'s licensing requirement. References to 18 U.S.C. § 554(a) appear prominently in the heading and final clause of Count Five of the superseding indictment, and the district court's judgment names 18 U.S.C. § 554(a) as the statute of conviction. But Bernardino omits all discussion of § 554(a) from his briefing, beyond a single reference in a passing description of a different count.

In any event, § 554(a) does not require the mental states described in Bernardino's requested instruction. "Unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Bryan v. United States*, 118 S.Ct. 1939, 1946, 524 U.S. 184, 193 (1998). In this case, culpability required that Bernardino know that he was dealing with weapons and ammunition that were intended for export, and that their exportation would be illegal. *Cf. Babb v. United States*, 252 F.2d 702, 707 (5th Cir. 1958).

AFFIRMED.