# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN LUNA REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1974-3

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Juan Luna Reyes appeals his conviction for aiding and abetting the knowing exportation or attempted exportation of ammunition from the United States, in violation of 18 U.S.C. §§ 554(a), 2. He alleges two points of error in connection with the district court's jury charge. First, he contends that the court erroneously instructed the jury that the Government had to prove that he knowingly exported ammunition in violation of the law but need not prove

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he knew the specific law violated.  Reyes urges that a violation of § 554(a) is a specific intent crime and that the court thus should have instructed the jury that, in order to find him guilty, it must find that he violated the Arms Export Control Act or Customs Regulations with the specific intent to violate the law.

This court reviews a jury instruction for abuse of discretion, affording substantial latitude to the district court in describing the law to the jury. *United States v. Santos*, 589 F.3d 759, 764 (5th Cir. 2009).  A district court generally does not err by giving a charge that tracks this circuit's pattern jury instructions and that is a proper statement of the law.  *See United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009).  As Reyes concedes, the instruction given in his case closely mirrors this court's pattern jury instructions.  *See* 5th Cir. Pattern Crim. Jury Instr. 2.31.  Further, the district court's instructions were a correct statement of the law.  *See United States v. Bernardino*, 444 F. App'x 73 (5th Cir. 2011) (stating that, to establish an offense under § 554(a), the Government is required to prove only that the defendant knew he was dealing with ammunition that was intended for export and that the exportation was illegal); *see also* 5th Cir. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).  Consequently, Reyes has failed to demonstrate any error on the district court's part.  *See Whitfield*, 590 F.3d at 354.

By his second point of error, Reyes challenges the district court's inclusion of a deliberate-indifference instruction in its charge.  He contends that the instruction was unwarranted on the facts of his case.

Any error in giving a deliberate indifference instruction is subject to harmless-error review.  *United States v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007).  The error is harmless where substantial evidence of the defendant's

actual knowledge is presented. *United States v. McElwee*, 646 F.3d 328, 341 (5th Cir. 2011).

This court need not decide whether the deliberate-indifference instruction was appropriate in this case because any error in giving the instruction was harmless. The Government presented substantial evidence of Reyes's actual knowledge, including his codefendant's testimony establishing that he hired Reyes to illegally smuggle ammunition from the United States to Mexico for the Zeta Cartel, that Reyes had done so before and offered to do it again, and that Reyes knew that he had placed groceries in the trunk in an attempt to hide the speaker box where the ammunition was hidden; the Government also presented evidence of Reyes's own admission to agents both that he knew he was carrying something illegal and his ultimate admission that he knew he was carrying ammunition in the car he was driving. *See McElwee*, 646 F.3d at 341.

Reyes's arguments are without merit. Accordingly, the district court's judgment is AFFIRMED.