GRAVES, Circuit Judge,
dissenting:
Donald Efren Franco-Casasola asserts in his petition for rehearing that the panel previously erred in concluding that his statute of conviction was divisible under Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). I agree and would grant Franco-Casasola’s petition.
In Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court adopted a formal categorical approach setting out that courts may look only to the statutory definitions, i.e.; elements, of a defendant’s prior offense and not “to particular facts underlying those convictions.” Id. at 600, 110 S.Ct. 2143. The Court also recognized “a narrow range of cases” where a sentencing court could “go beyond the mere fact of conviction.” Id. at 602, 110 S.Ct. 2143. This narrow range of cases represents the modified categorical approach, which is permitted when a jury was actually required to find all of the elements of a generic offense. “For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.” Id.
The Supreme Court recently readdressed this in Descamps, which, as the majority states, is the controlling precedent on the categorical approach and the question of divisibility.
Franco-Casasola’s statute of conviction says:
Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.
18 U.S.C. § 554(a).
The majority says that the language “contrary to any law or regulation of the United States” provides the “explicitly finite list” required by Descamps to determine that the statute is divisible. However, the language quoted by the majority is actually a quote from the Ninth Circuit, which was reversed. Specifically, the Supreme Court said:
The Ninth Circuit defended its (excessively) modified approach by denying any real distinction between divisible and indivisible statutes extending further than the generic offense. “The only conceptual difference,” the court reasoned, “is that [a divisible statute] *44 creates an explicitly finite list of possible means of commission, while [an indivisible one] creates an implied list of every means of commission that otherwise fits the definition of a given crime.” [U.S. v.] Aguila-Montes, 655 F.3d, [915] at 927 [(9th Cir.2011)]. For example, an indivisible statute “requiring] use of a Sveapon’ is not meaningfully different” — or so says the Ninth Circuit— “from a statute that simply lists every kind -of weapon in existence ... (‘gun, axe, sword, baton, slingshot, knife, machete, bat,’ and so on).” Ibid. In a similar way, every indivisible statute can be imaginatively reconstructed as a divisible one. And if that is true, the Ninth Circuit asks, why limit the modified categorical approach only to explicitly divisible statutes?
Descamps, 133 S.Ct. at 2289-90 (emphasis original). The Supreme Court later said that to accept that reasoning “would altogether collapse the distinction between a categorical and a fact-specific approach.” Id. at 2290.
In my view, not only does the language “contrary to any law or regulation of the United States” not provide an “explicitly finite list,” but the use of that language in an attempt to distinguish this case from Descamps is in error.
Section 554(a) prohibits exporting, buying, selling and other activities facilitating the transportation of “merchandise, article[s], or object[s].” 18 U.S.C. § 554(a). Section 554(a) does not include a list of various merchandise, articles or objects. Under Descamps, the offense in section 554(a) is defined in terms that are over-broad. Because the statute requires only the export of an indeterminate article or object, the statute falls into the category of indivisible statutes that the Supreme Court warns against reconceiving as impliedly divisible ones. See Descamps, 133 S.Ct. at 2290.
Section 554(a) does not contain “firearms” as an alternative element of the offense and no part of the statute deals with gun trafficking. “Because of the mismatch in elements [with the aggravated felony of illicit trafficking in firearms], a person convicted under [section 554(a) ] is never convicted of the [aggravated felony].” Id. at 2292. In other words, “[Franco-Casasola] may (or may not) have [trafficked firearms]. But [section 554(a) ] — the crime of which he was convicted — does not require the factfinder (whether jury or judge) to make that determination.” Id. at 2293. A finding that Franco-Casasola was convicted of illicit trafficking in firearms requires going beyond the statutory text of section 554(a) to the record for evidence of Franco-Casasola’s conviction, a circumstance-specific review precluded by Supreme Court precedent on the categorical approach. Id. at 2286.
Under Descamps, section 554(a) is not divisible and the BIA erred in applying the modified categorical approach to look behind the statute of conviction for evidence that Franco-Casasola committed an aggravated felony.[1] Moreover, even .if section 554(a) was divisible, the modified categorical approach would merely permit the court to “look beyond the elements and the fact of conviction only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated.” United States v. Miranda-Ortegon, 670 F.3d 661, 663 (5th Cir.2012). In *45 this case, that would mean determining whether Franco-Casasola smuggled “merchandise, artiele[s], or objeet[s]” — none of which correspond to the generic crime of trafficking in firearms. Descamps, 133 S.Ct. at 2286. It would not allow the court to look to facts underlying the conviction, including those contained in the indictment, to determine whether Franco-Casa-, sola’s conduct conforms to the generic offense, as that is what the Supreme Court has “expressly and repeatedly forbidden.” Id. at 2291.
The majority purports to conclude that section 554(a) is divisible under Descamps by its inclusion of “any law or regulation,” but then goes beyond the statutory text to the record for evidence of Franco-Casasola’s conviction and to locate a statute with an “explicitly finite list” which actually includes the term “firearms” so as to justify the pre-determination regarding divisibility. I disagree with any such circular analysis. Franco-Casasola was convicted solely under section 554(a) and there is no mention in Franco-Casasola’s judgment of conviction of any other statutes discussed now by the majority. Franco-Casasola was not convicted of any violation under either the Arms Export Control Act or the International Trafficking in Arms Regulations.
Notwithstanding the error under Descamps in going beyond the text of 554(a), the other statutes and regulations cited by the majority do not support its conclusions: While the indictment does say that Franco-Casasola failed to obtain “the required license and authorization” under the Arms Export Control Act, 22 U.S.C. § 2778(b)(2) and (c), and the International Trafficking in Arms Regulations, 22 C.F.R. § 121.3, 123.1 and 127.1, none of those sections mention “firearms.” As the majority concedes, those sections merely refer to “defense articles,” “defense services,” and “aircraft.”
Undeterred, the majority then culls the term “firearms” from a regulation that is neither mentioned -in the indictment, nor in the judgment of conviction. However, 22 C.F.R. § 121.1 plainly says that “the following articles, services, and related technical data are designated as defense articles and defense services pursuant to sections 38 and 47(7) of the Arms Export Control Act” and in no way reverts back to section 554(a), the only section under which Franco-Casasola was indicted or convicted.
While the majority ultimately concludes that there are “phrases” in one or more of the multiple statutes and regulations it considered that “informs us whether the charged crime fits the generic crime,” it fails to specify any “phrases” establishing the elements of illicit trafficking in firearms in the actual statute of conviction. Thus, the statements that Franco-Casasola was “convicted of these elements” and “convicted for illicit trafficking in firearms” are clearly erroneous. Again, “[FrancoCasasola] may (or may not) have [trafficked firearms]. But [section 554(a) ]— the crime of which he was convicted — does not require the factfinder (whether jury or judge) to make that determination.” Descamps at 2293.
As the majority concedes, the indictment did not charge Franco-Casasola with violations of the Arms Export Control Act or the International Trafficking in Arms Regulations, nor'was he charged with anything to support any statement that he transported “defense articles.” The indictment, which is quoted by the majority, does not even include the phrase “defense articles.” The relevant count of the indictment charged him with only a violation of section 554(a). Notably, other defendants were charged in the same indictment with *46 violations of 22 U.S.C. 2778 — the Arms Export Control Act, which provides its own penalty. Also, more importantly, Franco-Casasola was charged in separate counts involving firearms under 18 U.S.C. §§ 922, 924. However, Franco-Casasola was not convicted on those counts. Thus, any effort to revive those counts is clearly improper. In reviving those counts, the majority is improperly rewriting FrancoCasasola’s plea deal in contradiction of Supreme Court precedent. See Taylor, 495 U.S. at 601-602, 110 S.Ct. 2143; and Descamps, 133 S.Ct. at 2289.
The majority cites Descamps at pages 2289 and 2290 for the proposition that a prosecutor charging a violation of section 554 “must select the relevant elements from the possible alternative statutes and regulations.” However, Descamps says nothing about searching other statutes and regulations in an attempt to locate possible elements that will correspond to a separate generic crime. What the Court actually said on page 2290 was: “A prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives.” Id. at 2290 (emphasis added). Further, page 2289 of Descamps consists of the court’s criticism of the Ninth Circuit’s actions nearly identical to the majority’s actions here.
Moreover, the conclusion that a violation of section 554(a) depends on proving violations of other laws, specifically the Arms Export Control Act or the International Trafficking in Arms Regulations, is without citation to any authority whatsoever. Further, I note that although the majority discusses jury instructions at length, Franco-Casasola pleaded guilty. A guilty plea analysis and a jury instruction analysis are not identical. Again, it is improper for the majority to now rewrite Franco-Casasola’s plea bargain based on facts it has obtained by looking beyond the statute of conviction. See Taylor, 495 U.S. at 601-602, 110 S.Ct. 2143; and Descamps, 133 S.Ct. at 2289.
Notwithstanding the irrelevancy of jury instructions, the authority cited by the majority contradicts its conclusion. The majority cites United States v. Bernardino, 444 Fed.Appx. 73 (5th Cir.2011), as support for its conclusion that jury instructions and indictments must charge not only general elements of section 554(a) but also elements from other statutes and regulations. Bernardino, which is unpublished, directly contradicts the majority’s conclusion. In that case, Daniel Bernardino appealed his conviction under section 554(a). Just as here, Bernardino’s indictment charged him with exporting firearms and ammunition under section 554(a) without first obtaining a license required by 22 U.S.C. § 2778(b)(2). Bernardino requested and was denied a jury instruction regarding the elements of section 2778(b)(2). On appeal, this court affirmed the district court’s finding that Bernardino was not entitled to a jury instruction regarding the elements of section 2778(b)(2) and said “[a]ll of Bernardino’s arguments are premised on the mistaken view that he was charged and convicted under a different provision, 22 U.S.C. § 2778(c), which imposes penalties for ‘willfully’ violating 22 U.S.C. § 2778(b)’s licensing requirement.” Id. at 74.[2] Such is the case here, as Franco-Casasola was neither charged nor convicted under 2778(b)(2) or (c). Thus, *47 contrary to the majority’s conclusion, even if Franco-Casasola had opted for a jury trial, he would not have been entitled to an instruction regarding the elements of 2778.
The majority then engages in a second improper analysis and apparently determines that there was a factual basis for Franco-Casasola’s guilty plea — an issue that is not before us. In doing so, it says “[a]cceptance of a guilty plea implies that the district court determined that the accused’s ‘admitted conduct satisfied every element’ of the indicted offense.” However, the case cited by the majority actually says that the “admitted conduct satisfied every element of 18 U.S.C. § 2422(b).” United States v. Broussard, 669 F.3d 537, 546 (5th Cir.2012). Here, that would mean determining that Franco-Casasola’s admitted conduct satisfied the elements of section 554(a). While the district court considers the conduct and the elements of the offense charged in the indictment, the conduct must only satisfy the elements of the-statute of conviction. See Bernardino, 444 Fed.Appx. at 74.
The majority concedes that it has gone “one step further” than the Supreme Court. That “one step” is a giant leap. The leap from the statutory text of section 554(a) (smuggling goods from the United States) under the - guise of “any law” to four other sections (mentioned in the indictment but not charged) regarding licensing to export “defense articles,” and then to a previously unmentioned section listing “firearms” as possible “defense articles” under two specific sections not including section 554, is a feat squarely forbidden by Descamps. The majority correctly notes the Descamps admonition- that a court may not look to facts underlying the conviction to determine if Franco-Casasola’s conduct conforms to a generic offense. Nevertheless, “[i]nstead of reviewing documents like an indictment or plea colloquy only to determine which statutory phrase was the basis for the conviction, [the majority] look[ed] to those materials to discover what the defendant actually did.” Descamps, 133 S.Ct. at 2288 (internal marks omitted).
The majority agrees that we determine whether a prior offense qualifies as an aggravated felony by using the categorical approach and determining whether the statutorily-defined offense fits within the definition of the aggravated felony. The majority further agrees that the statutorily-defined offense of smuggling goods from the United States does not fit within the aggravated felony of trafficking in firearms. Because none of the elements necessary to establish a violation of smuggling goods corresponds to the generic offense of illicit trafficking in firearms, a modified categorical approach does not apply. Thus, it is improper to consider the indictment or other documents — even if consideration of the indictment would provide evidence of a necessary element of the generic offense. Accordingly, I would grant Franco-Casasola’s petition for review and reverse the decision of the BIA. Therefore, I respectfully dissent.

. Though unpublished, this is also consistent with this court’s recent decision in United States v. Nunez-Segura, 566 Fed.Appx. 389 (5th Cir.2014) (prior drug conviction where defendant admitted possessing methamphetamine with intent to sell was not drug trafficking for purposes of imposition of sentence enhancement).

. The majority opinion in Bernardino contains no statement that "[a]ll other elements of the Section 2778(b)(2) offense were explained to jurors, such as requiring a finding that the exported items were on the United States Munitions List and that the defendant had failed to obtain, a license as required by Section 2778,” and the majority here provides no citation for such a statement. However, even if some of the Bernardino instructions touched on elements of section 2778(b)(2), it does not change the conclusion of this court that no *47 such instructions are necessary in a conviction under'section 554. By suggesting otherwise, the majority now is, in effect, overruling Bernardino and concluding that defendants are entitled to jury instructions on all elements of any statutes mentioned in the indictment. Likewise, such an outcome would, in effect, establish the presumption that a guilty plea under one statute also establishes the elements of any statutes mentioned in the indictment. Such an outcome allows a court, such as the majority here, to later consider those other statutes as having been part of the conviction, thus both rewriting and negating any benefit of the plea bargain.