# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50906
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ALEJANDRO CARDENAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-510-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Alejandro Cardenas was convicted by a jury of two counts of fraudulently buying ammunition prior to exportation and two counts of attempted exportation of ammunition in violation of 18 U.S.C. § 554(a). The district court sentenced Cardenas to 72 months in prison on each count, with the terms to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50906

On appeal, Cardenas argues the district court should have instructed the jury that to find him guilty of violations of § 554(a) (smuggling from the United States), it must find that he violated 22 U.S.C. § 2778(c) (control of arms exports and imports), with the specific intent to violate the law.  We review a jury instruction for abuse of discretion, affording substantial latitude to the district court in describing the law to the jury.  *United States v. Santos*, 589 F.3d 759, 764 (5th Cir. 2009).  "However, when a jury instruction hinges on a question of statutory construction, [this court's] review is de novo."  *United States v. Williams*, 610 F.3d 271, 285 (5th Cir. 2010).

In *United States v. Bernardino*, 444 F. App'x 73, 74 (5th Cir. 2011), we determined that, to establish an offense under § 554(a), the Government is required to prove only that the defendant knew he was dealing with ammunition that was intended for export and that the exportation was illegal.  We specifically rejected the argument that the jury charge should have included an instruction requiring the Government to prove both that the defendant knew that the ammunition was an item for which an export license was required and intended to export the weapons without the license.  *Bernardino*, 444 F. App'x at 74.  We followed *Bernardino* in *United States v. Reyes*, 559 F. App'x 274 (5th Cir. 2014).  Although *Bernardino* and *Reyes* are unpublished and not controlling precedent, they are persuasive.  *See* 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).  We hold that the district court did not err in instructing the jury.

Cardenas also argues that the evidence was insufficient to support his convictions even if the court instructed the jury properly as to elements of the offense.  "[R]eviewing courts must affirm a conviction if, after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements

No. 14-50906

of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), *cert. denied*, 135 S. Ct. 170 (2014).

Cardenas concedes that he stated that he knew that the ammunition was destined for Mexico. Cardenas also concedes that the evidence would allow a finding that he suspected that the exportation of ammunition was illegal or that he was acting in reckless disregard of whether his actions were illegal but asserts that the evidence was not sufficient to show that he actually knew that the exportation of ammunition was illegal. This argument ignores that Cardenas was told by a federal agent to contact him if Cardenas were contacted by any individual in Mexico so that the agent could identify individuals involved in the smuggling of ammunition. Cardenas did not provide any information to the federal agent even though he made a subsequent ammunition purchase for his confederate in Mexico. The evidence is sufficient to demonstrate beyond a reasonable doubt that Cardenas knew that the exportation of ammunition to Mexico was contrary to the laws of the United States. The judgment of the district court is AFFIRMED.