# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2015

Lyle W. Cayce
Clerk

No. 15-40213
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ELIU HAM-MOLINA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-579-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Eliu Ham-Molina appeals the 60-month sentence imposed in connection with his conviction for illegal reentry after deportation. Ham-Molina argues that the district court erred in applying the 16-level enhancement for a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). He contends that he was not convicted of aggravated assault, and that therefore, his prior conviction was not an enumerated offense which would

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

justify the enhancement.   Additionally, he asserts that this court cannot employ the modified categorical approach and look to the indictment to determine whether the offense involves the use, attempted use, or threatened use of force because the commission of aggravated assault as alleged in the indictment was not an element of the offense.   Rather, he argues that only the commission of a predicate act involving violence is an element of the offense, and he contends that other crimes not having force as an element of the offense may satisfy the element of a predicate act involving violence.   Further, Ham-Molina argues that, despite the court's statements that it would impose the same sentence, the error is not harmless because the court never referenced the guidelines range without the enhancement and did not provide reasons to justify the variance.   The Government concedes that Ham-Molina's prior conviction was not the enumerated offense of aggravated assault but argues that the offense has, as an element, the use, attempted use, or threatened use of force.   *See* § 2L1.2, comment. (n.1(B)(iii)).

We review the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error.   *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Section 2L1.2 provides that the offense level for unlawfully reentering the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence."   § 2L1.2(b)(1)(A)(ii).

Because the Georgia statute under which Ham-Molina was convicted is divisible, *see* GA. CODE ANN. § 16-15-4(a)(1); GA. CODE ANN. § 16-15-3(1), the modified categorical approach may be used to determine under which portion of the statute Ham-Molina was convicted.   *See Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013).   "In defining the elements of a crime for the purposes of applying the modified categorical approach, 'laws and regulations'

cross-referenced by the charged statute 'can also be the subject of the modified categorical approach.'" *United States v. Ramos Ceron*, 775 F.3d 222, 228 (5th Cir. 2014) (quoting *Franco-Casasola v. Holder*, 773 F.3d 33, 37 (5th Cir. 2014)). However, if the state court documents are insufficient to narrow the statute, the court "consider[s] whether the least culpable act constituting a violation of that statute constitutes" a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008) (internal quotation marks and citation omitted).

Undisputedly, the State is required to prove a predicate act of violence in order to obtain a conviction for engaging in criminal gang activity. *See* GA. CODE ANN. § 16-15-4(a)(1); GA. CODE ANN. § 16-15-3(1); *Zamudio v. State*, 771 S.E.3d 733, 737 (Ga. Ct. App. 2015). The predicate act of violence alleged in the indictment was aggravated assault. Ham-Molina provides no support for the assertion that he could have been convicted under the theory that the predicate offense was a simple battery, when the indictment specifies a different offense. Because the state court documents show that Ham-Molina was convicted of committing criminal gang activity through the commission of an aggravated assault and because Ham-Molina does not argue that the Georgia offense of aggravated assault can be committed without the use of force, he fails to show that the district court clearly erred in applying the 16-level enhancement based on a finding that the Georgia conviction was a crime of violence.

Moreover, even if the district court erred, the error is harmless. The district court imposed an alternative non-guidelines sentence of 60 months. In imposing the alternative sentence, the court made statements indicating that it would impose the same sentence if the enhancement did not apply and would impose the sentence because of Ham-Molina's dangerous propensities and

involvement with gang activity. Because the district court's statements indicate that it would have imposed the same sentence without the alleged error for the same reasons, any error in imposing the 16-level enhancement is harmless. *See United States v. Ibarra-Luna,* 628 F.3d 712, 714, 716-19 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.