# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 15-50125
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS CARDENAS,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas

————

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:

Luis Cardenas was convicted by a jury of one count of fraudulently receiving and facilitating the transportation, concealment, and sale of ammunition prior to exportation and one count of attempted exportation of ammunition in violation of 18 U.S.C. § 554(a). The district court sentenced Cardenas to two concurrent terms of 72 months of imprisonment and three years of supervised release.

On appeal, Cardenas argues that the district court should have instructed the jury that, to find him guilty of violations of § 554(a) (smuggling from the United States), it must find that he violated 22 U.S.C. § 2778(c) (control of arms exports and imports), with the specific intent to violate the

No. 15-50125

law.  Because Cardenas did not make this argument in the district court, we review it only for plain error.  *See United States v. Betancourt*, 586 F.3d 303, 305-06 (5th Cir. 2009).

In *United States v. Bernardino*, 444 F. App'x 73, 74 (5th Cir. 2011), we determined that, to establish an offense under § 554(a), the Government is required to prove only that the defendant knew he was dealing with ammunition that was intended for export and that the exportation was illegal. We specifically rejected the argument that the jury charge should have included an instruction requiring the Government to prove both that the defendant knew that the ammunition was an item for which an export license was required and intended to export the weapons without the license. *Bernardino*, 444 F. App'x at 74.  We followed *Bernardino* in the appeal by Cardenas's brother and codefendant, *see United States v. Cardenas*, ___ F. App'x ___, No. 14-50906, 2015 WL 5451335, 1 (5th Cir. Sept. 17, 2015), and in *United States v. Reyes*, 559 F. App'x 274 (5th Cir. 2014).  Although *Bernardino*, *Reyes*, and *Cardenas* are unpublished and non-controlling precedent, they are persuasive.  *See* 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).  We hold that the district court did not err, plainly or otherwise, in instructing the jury.

Cardenas also argues that the evidence was insufficient to support his convictions even if the court instructed the jury properly as to the elements of the offense.  "[R]eviewing courts must affirm a conviction if, after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc), *cert. denied*, 135 S. Ct. 170 (2014).

No. 15-50125

Cardenas concedes that he stated that he believed that the ammunition was destined for Mexico.  He also concedes that the evidence would allow a finding that he suspected that the exportation of ammunition was illegal or that he was acting in reckless disregard of whether his actions were illegal but asserts that the evidence was not sufficient to show that he actually knew that the exportation of ammunition was illegal.  This argument ignores that Cardenas stated to a law enforcement official that he knew exporting ammunition to Mexico was illegal.  The fact that Cardenas also stated that he did not think he would get in trouble because he only drove the ammunition to San Antonio and that he thought there was little chance that much of the ammunition would make it to Mexico does not negate or undercut his statement regarding his knowledge of the illegality of exporting ammunition to Mexico.  The evidence is sufficient to demonstrate beyond a reasonable doubt that Cardenas knew that the exportation of ammunition to Mexico was contrary to the laws of the United States.  The judgment of the district court is AFFIRMED.