# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2022

Lyle W. Cayce
Clerk

No. 21-50921
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Arturo Rivas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-1513-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Arturo Rivas appeals his guilty plea conviction for exporting and attempting to export seven handguns and ammunition from the United States in violation of 18 U.S.C. § 554. The Government argues that Rivas has failed to file a timely notice of appeal. We assume without deciding that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

he complied with the prison mailbox rule. *See United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016) (applying mailbox rule in criminal context).

On appeal, Rivas argues that the district court failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(G) by failing to advise him of the elements of the offense. He also argues that the district court failed to comply with Rule 11(b)(3) by ensuring that there was a sufficient factual basis for the plea. As acknowledged by Rivas, we review his claims of Rule 11 error raised for the first time on appeal for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Rule 11 of the Federal Rules of Criminal Procedure requires the district court to apprise the defendant of the nature of the offense before accepting his plea. Fed. R. Crim. P. 11(b)(1)(G). While there are no precise guidelines as to what is sufficient to meet this standard, "the court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge." *United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002) (internal quotation marks and citation omitted). In *United States v. Cardenas*, 810 F. 3d 373, 374 (5th Cir. 2016), we determined that, to establish an offense under § 554(a), the Government is required to prove only that the defendant knew he was dealing with ammunition that was intended for export and that the exportation was illegal.

In this case, the district court summarized the indictment charging Rivas with smuggling firearms and ammunition, and Rivas confirmed that he understood the charge. *See United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000) (noting that a reading of the indictment followed by an opportunity given the defendant to ask questions about it will usually fulfill the requirement of Rule 11(b)(1)(G)). Additionally, in the light of the entire

No. 21-50921

record there was a sufficient factual basis for the plea. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Rivas has failed to show plain error with respect to any purported Rule 11 error.

AFFIRMED.